UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

SHIVASHTI MAHABIR,

                      Plaintiff,

    -against-

COUNTY OF NASSAU, CARL P. CAMPBELL, Individually,
MICHAEL MULLEN, Individually, MICHELLE A. CLIFFORD,
Individually, JAYNE E. COLLINS, Individually, KEVIN J. KANE,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                      Defendants.

-------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

**Jury Trial Demanded**

    Plaintiff SHIVASHTI MAHABIR, by her attorneys, BRETT H. KLEIN, ESQ., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

    4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff SHIVASHTI MAHABIR is a forty-seven year old female residing in Brooklyn, New York.

7. Defendant COUNTY OF NASSAU was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant COUNTY OF NASSAU maintains the Nassau County Police Department (hereinafter referred to as "NCPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, COUNTY OF NASSAU.

9. That at all times hereinafter mentioned, the individually named defendants, CARL P. CAMPBELL, MICHAEL MULLEN, MICHELLE A. CLIFFORD, JAYNE E. COLLINS, KEVIN J. KANE and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the COUNTY OF NASSAU.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant COUNTY OF NASSAU.

## FACTS

12. On November 19, 2013, at approximately 1:00 p.m., NCPD defendant police officers CARL P. CAMPBELL and MICHAEL MULLEN unlawfully arrested plaintiff at her home located at 1196 E. 46th Street, Brooklyn, New York.

13. Defendant police officers CARL P. CAMPBELL and MICHAEL MULLEN rear handcuffed plaintiff, imprisoned her in a police vehicle, and transported her to a police precinct.

14. Once at the precinct, plaintiff was imprisoned in a room with one hand cuffed to a bench or wall.

15. While in the room, detective officers, believed to include defendants MICHELLE A. CLIFFORD, JAYNE E. COLLINS, and KEVIN J. KANE, interrogated plaintiff about a purported theft.

16. Although plaintiff had no involvement whatsoever in the theft and despite the fact that the defendant officers lacked probable cause to believe plaintiff was involved in the theft, the defendant officers nonetheless continued plaintiff's arrest.

17. The defendant officers caused plaintiff to be transported to a second precinct and imprisoned therein until November 20, 2013 when, as a result of the filing of false sworn allegations, plaintiff was transported to Nassau County District Court and arraigned on false charges.

18. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff despite lacking probable cause to do so.

19. Defendant MICHELLE A. CLIFFORD created and manufactured false evidence

against plaintiff and conveyed said evidence to the Nassau County District Attorney's Office, causing said evidence to be used against plaintiff in the aforementioned legal proceeding.

20. Specifically, defendant MICHELLE A. CLIFFORD swore to false allegations that on August 27, 2013, at 1:22 p.m., plaintiff stole a controlled substance from 247 Hempstead Avenue, Malverne, New York and further that plaintiff unlawfully possessed a controlled substance.

21. As a result of the malicious prosecution, plaintiff was compelled to return to court on numerous occasions until April 4, 2014, on which date all of the charges filed against plaintiff were dismissed and sealed in Nassau County District Court.

22. Defendant NCPD officers CARL P. CAMPBELL, MICHAEL MULLEN, MICHELLE A. CLIFFORD, JAYNE E. COLLINS, KEVIN J. KANE, and JOHN and JANE DOE 1 through 10 either directly participated in or failed to intervene in the illegal conduct described herein.

23. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the COUNTY OF NASSAU, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and a practice of falsely arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and of falsification.

24. The aforesaid event is not an isolated incident. Defendant COUNTY OF NASSAU is aware from, without limitation, lawsuits, notices of claims, and complaints filed with NCPD, that many NCPD officers, including the defendants, engage in a practice of falsely arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, engage in inadequate investigations and/or fail to

investigate exculpatory evidence despite a duty to do so, and engage in a practice of falsification.

25. Defendant COUNTY OF NASSAU is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant COUNTY OF NASSAU has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

26. Moreover, upon information and belief, defendant COUNTY OF NASSAU was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant COUNTY OF NASSAU has retained these officers, and failed to adequately train and supervise them.

27. As a result of the foregoing, plaintiff SHIVASHTI MAHABIR sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff SHIVASHTI MAHABIR of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of

42 U.S.C. §1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the COUNTY OF NASSAU and the Nassau County Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. Defendants arrested plaintiff SHIVASHTI MAHABIR without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

35. Defendants caused plaintiff SHIVASHTI MAHABIR to be falsely arrested and unlawfully imprisoned.

36. As a result of the foregoing, plaintiff SHIVASHTI MAHABIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants initiated, commenced and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Nassau County District Attorney's office.

39. The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about April 4, 2014.

40. As a result of the foregoing, plaintiff SHIVASHTI MAHABIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants created false evidence against plaintiff SHIVASHTI MAHABIR.

43. Defendants utilized this false evidence against plaintiff SHIVASHTI MAHABIR in legal proceedings.

44. As a result of defendants' creation and use of false evidence, plaintiff SHIVASHTI MAHABIR suffered a violation of her constitutional right to a fair trial, as guaranteed by the United States Constitution.

45. As a result of the foregoing, plaintiff SHIVASHTI MAHABIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants had an affirmative duty to intervene on behalf of plaintiff SHIVASHTI MAHABIR, whose constitutional rights were being violated in their presence by other officers.

48. The defendants failed to intervene to prevent the unlawful conduct described herein.

49. As a result of the foregoing, plaintiff SHIVASHTI MAHABIR'S liberty was restricted for an extended period of time, he was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

50. As a result of the foregoing, plaintiff SHIVASHTI MAHABIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53. As a result of the foregoing, plaintiff SHIVASHTI MAHABIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the Nassau County Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SHIVASHTI MAHABIR'S rights as described herein. As a result of the failure of the COUNTY OF NASSAU to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant COUNTY OF NASSAU has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department constituted deliberate indifference to the safety, well being and constitutional rights of plaintiff SHIVASHTI MAHABIR.

58. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SHIVASHTI MAHABIR as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department were the moving force behind the Constitutional violations suffered by plaintiff SHIVASHTI MAHABIR as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the COUNTY OF NASSAU and the Nassau County Police Department, plaintiff SHIVASHTI MAHABIR was unlawfully arrested and maliciously prosecuted.

61. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SHIVASHTI MAHABIR'S constitutional rights.

62. All of the foregoing acts by defendants deprived plaintiff SHIVASHTI MAHABIR of federally protected rights, including, but not limited to, the right:

  A. Not to be deprived of liberty without due process of law;

  B. To be free from false arrest/unlawful imprisonment;

  C. To be free from malicious prosecution;

  D. To be free from deprivation of her right to fair trial; and

  E. To be free from the failure to intervene.

63. As a result of the foregoing, plaintiff SHIVASHTI MAHABIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the COUNTY OF NASSAU, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

66. The COUNTY OF NASSAU has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

68. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York)

69. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHIVASHTI MAHABIR.

71. Defendants caused plaintiff SHIVASHTI MAHABIR to be prosecuted without probable cause until the charges were dismissed on or about April 4, 2014.

11

72.     As a result of the foregoing, plaintiff SHIVASHTI MAHABIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

73.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant COUNTY OF NASSAU and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

75.     As a result of the foregoing, plaintiff SHIVASHTI MAHABIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

76.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendant COUNTY OF NASSAU is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

78.     As a result of the foregoing, plaintiff SHIVASHTI MAHABIR is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against County of Nassau)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. As a result of defendants' conduct, plaintiff was deprived of her right to security against unreasonable searches, seizures, and interceptions.

81. As a result of the foregoing, plaintiff SHIVASHTI MAHABIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SHIVASHTI MAHABIR demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       July 2, 2015

                BRETT H. KLEIN, ESQ., PLLC
                Attorneys for Plaintiff SHIVASHTI MAHABIR
                305 Broadway, Suite 600
                New York New York 10007
                (212) 335-0132

By: _____
     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

SHIVASHTI MAHABIR,

                                        Plaintiff,

                                                                                      Docket No.

     -against-

COUNTY OF NASSAU, CARL P. CAMPBELL, Individually,
MICHAEL MULLEN, Individually, MICHELLE A. CLIFFORD,
Individually, JAYNE E. COLLINS, Individually, KEVIN J. KANE,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------X


## COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132